**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**CYNTHIA TURNER,**                                     **CASE NO.  4:11cv567-RS/WCS**

      **Plaintiff,**

**vs.**

**BOB INZER, in his official capacity as**
**LEON COUNTY CLERK OF THE COURT,**

      **Defendant.**
_____/

<u>**AMENDED MOTION TO STAY CONSIDERATION OF DEFENDANT'S MOTION FOR**
**ATTORNEY'S FEES AND RESPONSE IN OPPOSITION TO MOTION FOR**
**ATTORNEY'S FEES**</u>

      Plaintiff CYNTHIA TURNER, through her counsel, files this her Motion to Stay

Consideration of Defendant's Motion for Attorney's Fees and her Response in Opposition to

Defendant's Motion for Attorney's Fees and states the following:

**MOTION TO STAY**

      Pursuant to N.D. Local Rule 7.1, Rule 54(d), and Local Rule 54.1, Plaintiff hereby moves

this Court to stay proceedings and its ruling upon Defendant's Motion for Attorney's Fees, until

such time as the appeal of judgment herein filed in the Eleventh Circuit has been resolved, as such

Motion for fees involves substantial issues pending in such appeal and likely to be affected thereby,

and both judicial economy and fairness would thus be supported by such a stay.  This Motion is

presented in the interest of justice and not for the purpose of delay, and is supported by a

Memorandum of Law in Section I below.

      Pursuant to N.D. Local Rule 7.1, Dena H. Sokolow, Counsel for Defendant, has been

consulted and objects to the stay requested herein.

**INTRODUCTION**

In this action for race-based employment discrimination and retaliation, and public employee whistleblower retaliation, on September 26, 2012 this court issued an Order granting Defendant's summary judgment motion on all claims [DOC 60], Plaintiff's appeal of which to the Eleventh Circuit was noticed on October 23 2012 [DOC 67].  On October 26, 2012, Defendant moved for attorney's fees under both Title VII and §112.3187(9)(d), Florida Statutes. [DOC 70].  This filing responds to Defendant's Motion for Attorney Fees, first by requesting a stay pending resolution of the appeal of summary judgment, and then on the merits.

Preliminarily, because attorney's fee motions in the Eleventh Circuit require consideration of defense settlement offers–such offers suggesting that defendants do not deem actions frivolous–and settlement offers are often presented in the context of court-ordered mediations, for cases within Florida there is a tension between parties' proof of such offers and the privileged nature of mediation communications under §44.405, Fla. Stats.  As this Court may already aware, without requesting Plaintiff's agreement to waive such privilege but in support of its position that such factor militates in favor of a fee award, Defendant asserts–without the benefit of affidavit or other evidence–that "defendant made a cost-of-defense settlement offer." [DOC 70, p. 6].  Respectfully, this is not accurate and there are other facts surrounding the settlement offer that Plaintiff would like to bring to this Court's attention to correct the "cost-of-defense" characterization.  Pending a ruling on Plaintiff's Motion to Deem Mediation Privilege Waived, Plaintiff has not brought this additional information forward at this time.

In considering Defendant's cost-of-defense assertion, Plaintiff has determined that two responses are required, and in a particular order:  first, recognizing the importance of the mediation

privilege in encouraging open and unfettered discourse, Plaintiff has moved contemporaneously

herewith to deem such privilege, as the same protects Defendant, to have been waived by the cost-

of-defense assertion.  [DOC 78].  Second, in the event this Court agrees that the privilege has been

waived, Plaintiff would submit the affidavit of attorney Sassan Achtchi of the undersigned's firm,

who attended the mediation of this matter, in which affidavit Mr. Achtchi sets forth both detail and

context of the parties' settlement positions at mediation, and other pertinent mediation

communications.

     In its Motion, [DOC 70, p. 3], Defendant posits that the proper adjudication of a defendant's

request for attorney's fees under Title VII is pursuant to the standard announced by the Supreme

Court in <u>Christianburg Garment v. EEOC</u>,[1] requiring "'...a finding that plaintiff's action was

frivolous, unreasonable, or without foundation'" and requiring consideration of factors determined

in <u>Sullivan v. School Board of Pinellas County</u>[2] ("the <u>Sullivan</u> Factors").  Defendant further cites

<u>Christianburg</u> as support for the proposition that for an award of attorney's fees under Title VII, "[a]

showing of bad faith is not required" [id., p. 3].  Defendant further posits that the standard

applicable to such an award under Florida's public employee whistleblower statute is the same, <u>plus</u>

<u>a showing of bad faith</u>, citing §112.3187(9)(d) for the proposition that this statute "allows [but does

not mandate] a prevailing defendant to recover its fees if the 'employee filed a frivolous action in

bad faith'" [id.].  Plaintiff does not dispute these standards.

     In response, Plaintiff first demonstrates that under the procedure for fee motions set forth in

Rule 54(d)(2), discretion devolves on this Court to stay proceedings on an Motion for fees pending

---

[1]    434 U.S. 412 (1978).

[2]    773 F.2d 1182 (11th Cir 1985).

appeal, and that the granting of such a stay constitutes the sound exercise thereof in circumstances in which appellate reversal would negatively impact an award of fees.  Plaintiff also maintains that both consideration of the <u>Sullivan</u> Factors at bar does not support an award of attorney's fees on Plaintiff's Title VII claims, and that Defendant has failed to demonstrate the bad faith required for an award of fees on Plaintiff's whistleblower retaliation claim.  Consequently, even if the Motion to Stay pending appeal is denied, Defendant's Motion for Attorney's Fees should be denied in its entirety.

## LAW AND ARGUMENT

**I.**     **This Court should grant Plaintiff's Motion to Stay proceedings and a ruling on attorney's fees until such time as the appeal of judgment herein has been resolved**.

This Court's Order granting summary judgment on behalf of Defendant is currently on appeal to the Eleventh Circuit.  Further, cursory review of Defendant's Motion for Attorney's Fees demonstrates that, if owing at all, such a fee award would only be owing in the event of affirmance of summary judgment by the Eleventh Circuit.

As set forth in the first paragraph of its motion, Defendant's Motion for fees is governed by Rule 54(d)[3] and Local Rule 54.1.[4]  Neither rule requires this Court to resolve motions for fees within

[3]     Fed.R.Civ.P. 54(d), entitled "Costs; Attorney's Fees," reads in pertinent part as follows:

**(2) *Attorney's Fees*.**

**(A)** *Claim to be by Motion*.  A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

**(B)** *Timing and Contents of the Motion*.  Unless a statute or court order provides otherwise, the motion must:

any particular time frame or other parameter, and the Eleventh Circuit has affirmed stays of motions for attorney's fees, determining the same within district court discretion.[5]  And the sound exercise of district court discretion was best explained in the decision of the Middle District of Florida, affirmed by the Eleventh Circuit, in <u>Corwin v. Walt Disney World</u>,[6] as follows:

> In recommending that defendant's motion for attorneys' fees should be denied without prejudice pending the disposition of the appeal, the magistrate judge relied on the Advisory Committee's Notes to the 1993 Amendments to Federal Rule of Civil Procedure 58 [a rule referenced in this district's Loc.R. 54.1].  The Advisory Committee's

_____

> **(i)** be filed no later than 14 days after the entry of judgment;
>
> ***
>
> **(D)** *Special Procedures by Local Rule; Reference to a Master or a Magistrate Judge*.  By local rule, the court may establish special procedures to resolve fee-related issues, without extensive evidentiary hearings...

[4]     Loc.R. 54.1, entitled "Motions for Attorney's Fees," reads in pertinent part as follows:

> (A) **Time for Filing**.  A motion for an award of attorney's fees and related nontaxable expenses (not otherwise taxed as costs) shall be filed and serv ed within the time specified in the scheduling order entered in the case and as otherwise provided in Fed.R.Civ.P. 54(d).  The pendency of an appeal from the judgment shall not toll the time <u>for filing</u> the motion (*see also* Fed.R.Civ.P. 58).

[Emphasis added].

[5]     <u>Pozzi Window v. Auto Owners Insurance</u>, 294 Fed.Appx. 588, 591 fn. 4 (noting upon affirmance that "after a joint motion to stay by the parties, the magistrate judge entered an order staying determination of attorney's fees and costs until this appeal was resolved"); <u>see also</u> <u>O'Brien v. ABB DE</u>, 160 Fed.Appx. 818, 821 (11th Cir. 2005) ("we affirm the award of fees and costs because O'Brien's argument on this point consists solely of requesting us 'to stay...'..., pending our disposition of the appeal as to summary judgment.  Given our dismissal of the appeal from summary judgment, that argument is moot").

[6]     2005 WL 1126659 (M.D.Fla. 2005), aff'd 475 F.3d 1239 (11th Cir. 2007).

Notes explain that <u>if the claim for fees involves substantial issues or is likely to be affected by the appellate decision</u>, the district court may prefer to defer adjudicating the attorneys' fees issue until after the appeal is resolved.  Fed.R.Civ.P. 58 Advisory Committee's Note 1993...

Rule 54(d) provides the procedure for recovery of attorneys' fees but does not provide a substantive right to attorneys' fees [citation omitted].  Rule 54(d)(2)(E) states that subparagraphs (A) through (D) of Rule 54(d)(2) do not apply to claims for fees and expenses brought under 28 U.S.C. section 1927.  Fed.R.Civ.P. 54(d)(2)(E).  It is clear that defendant's motion for attorneys' fees under 28 U.S.C. section 1927 is not brought under Rule 54(d).  Rule 58(c)(2) discusses an attorneys' fees motion brought under Rule 54(d)(2).  Thus, the commentary to Rule 58 applies to motions brought pursuant to Rule 54(d)(2).  While Rule 58 is not appropriate authority to recommend dismissal or deferral of a request for attorneys' fees under 28 U.S.C. section 1927, defendant has <u>not cited any case law, and the court's independent research has not produced a case, demonstrating that the court is required to entertain and determine a motion for attorneys' fees under 28 U.S.C. section 1927... while an appeal is pending</u>.  Considerations of judicial efficiency and avoidance of unnecessary expenditure of judicial labor militate as public policy considerations in favor of adopting the conclusion of the magistrate judge.[7]

Finally, in a retaliatory discharge and whistleblower case, in which summary judgment for defendant employer was appealed to the Eleventh District, <u>Smith v. Psychiatric Solutions</u>,[8] this court deferred ruling on a motion for attorney's fees, pending resolution of the appeal.[9]  This court should rule likewise, and stay proceedings on the motion for fees, pending resolution of the appeal.

## II.    This Court should deny Defendant's Motion for Attorney's Fees under Title VII

---

[7]        <u>Id.</u>, 2005 WL 1126659 at *2, emphasis added.

[8]        Case No. 3:08-cv-003-MCR-EMT (N.D.Fla. March 12, 2010), Rodgers, J. (Unpublished)

[9]        <u>Id.</u>, DOC 161, attached hereto as Exhibit A ("it is ordered this 5th day of May, 2009, that: A ruling on this motion [for attorney's fees] will be deferred pending disposition of plaintiff's appeal").

First, in addressing a defendant's motion for attorney's fees under Title VII nearly thirty-five years ago in Christianburg, the Supreme Court issued the following warning, no less applicable today:

> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his actions must have been unreasonable or without foundation.  This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.[10]

Two years later, the Supreme Court reiterated that warning in Hughes v. Rowe,[11] making clear that "the fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees."[12]  And the Eleventh Circuit has made clear that the fact that a "plaintiff did not survive summary judgment" does not constitute sufficient basis for the award of fees.[13]

In announcing the Sullivan Factors in 1985, the Eleventh Circuit set forth three factors for consideration in determining frivolousness for awarding defense attorney's fees in Title VII actions.[14]  Plaintiff does not dispute Defendant's initial statement:

> (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.

---

[10]     Christianburg, 434 U.S. at 421-422.

[11]     449 U.S. 5 (1980).

[12]     Id., 449 U.S. at 14.

[13]     Head v. Medford, 62 F.3d 251, 356 (11th Cir. 1995); see also Boler v. Space Gateway Support, 290 F.Supp.2d 1272, 1280 (M.D.Fla. 2003) relying on Head ("A defendant is not entitled to an award of attorney's fees and costs simply because it prevailed in summary judgment").

[14]     Sullivan, 773 F.2d at 1189.

[Id., excerpting Quintana v. Jenne,[15] which in turn excerpted Sullivan].  While agreeing with Defendant's recitation of the three factors, Plaintiff adds two explanatory comments.  First, while stated as distinct elements, the first and third factors are closely intertwined in circumstances of dismissal and summary judgment.  That is, in granting defense motions, trial courts are often acting in satisfaction of both the first and the third factor, always "dismissing the case prior to trial" and frequently determining plaintiff's failure to "establish[ ] a *prima facie* case."

Second, under the second Sullivan Factor, "whether defendant offered to settle", Id., a settlement offer mitigates against an award of attorney's fees, even if that offer is reasonable and the plaintiff fails to accept.  That is, this second factor serves simply as an indicator that a defendant did not consider a case utterly frivolous, and not as an indicator that a plaintiff was intransigent or viewed his or her case through rose colored glasses.[16]

That said, while agreeing with its recitation of the three factors, Plaintiff strongly disagrees with Defendant's analysis of interpretive case law.  First and foremost, it appears from the first sentence of section I-A [DOC 70, p. 4] that Defendant is arguing that a plaintiff's failure of satisfaction of the first factor–to establish a *prima facie* case--alone requires an award of attorney's fees under the test set forth in Sullivan.  But none of the three cases cited by Defendant[17] says anything like that.

---

[15]     414 F.3d 1306 (11th Cir. 2005).

[16]     Quintana, 414 F.3d at 1310 (articulating the second Sullivan Factor as "whether a settlement offer, if made, was of a sufficient amount to support a determination that [the plaintiff's] claim was not frivolous").

[17]     Quintana, *supra*; Wigfall v. Saint Leo University, 2012 WL 3854551 (M.D.Fla. 2012);  Torres v. City of Orlando, 264 F.Supp.2d 1046 (M.D.Fla. 2003).

First, in <u>Torres</u>, the Middle District of Florida clearly considered the second <u>Sullivan</u> factor, specifically addressing the defendant's offer that "if plaintiff dismissed her claims, it would agree not to seek [attorney's] fees,"[18] concluding reasonably therefrom that "any offer to settle here weighs in favor of defendant, not plaintiff."[19]  Second in <u>Wigfall</u>, relying on <u>Torres</u>, the Middle District held that "[a] plaintiff's failure to establish a prima facie case <u>supports</u> a finding that his claim is frivolous and that an award of attorneys' fees is appropriate,"[20] and then proceeded with an analysis of the second <u>Sullivan</u> factor.

Third in <u>Quintana</u>, while in fact holding that "the presentation of a prima facie case in response to a motion for summary judgment means that a claim necessarily cannot be considered frivolous,"[21] the Eleventh Circuit made crystal clear that it was <u>not</u> making the inverse holding, that a plaintiff's failure to present a *prima facie* case requires a determination of frivolousness.  More accurately, after determining that "the first and third factors of the <u>Sullivan</u> guidelines <u>support</u> the determination of the district court that Quintana's retaliation claim was frivolous,"[22] the <u>Quintana</u> court held further that "the amount of the offer is a necessary factor in evaluating whether a settlement offer militates against a determination of frivolity."[23]  Then, only in the context of an absence of evidence in the record before it as to the amount of the settlement offer did the court affirm an award of attorney's fees on the retaliation claim, opining that "[t]he first and third <u>Sullivan</u>

---

[18]     <u>Torres</u>, 264 F.Supp.2d at 1052, fn. 13.

[19]     <u>Id.</u>, 264 F.Supp.2d at 1252.

[20]     <u>Wigfall</u>, 2012 WL 3854551 at *3, emphasis added.

[21]     <u>Quintana</u>, 414 F.3d at 1307.

[22]     <u>Id.</u>, emphasis added.

[23]     <u>Id.</u>

factors support a determination of frivolity, <u>and the second factor offers no support for either party</u>."[24]  More fairly analyzing the three <u>Sullivan</u> Factors, Plaintiff acknowledges that, at least pending possible reversal of summary judgment on appeal, the third <u>Sullivan</u> Factor, "whether the trial court dismissed the case prior to trial...," militates in favor of Defendant's Motion.

As to the first <u>Sullivan</u> Factor, "whether the plaintiff established a *prima facie* case", Plaintiff points out that in ruling on the Defendant's Motion for Summary Judgment, the court set forth <u>alternative bases for its grant of summary judgment</u>, the first addressing Plaintiff's *prima facie* case [DOC 60, p. 14] and the second prefaced with the phrase, "even if Plaintiff could make a *prima facie* case".  Thus, it appears that the determination of Plaintiff's failure to present a *prima facie* case[25] may not have been a necessary element of the granting of summary judgment.[26]

---

[24]     <u>Id.</u>, emphasis added.

[25]     Plaintiff submitted two kinds of evidence in support of the disputed prong of her *prima facie* discrimination case, comparators and other circumstantial evidence.  As comparators, Plaintiff named Serita Teal and Daphne Ramos, both white, Teal accumulating ten "suspensions in error" without termination, and Ramos arrested for the more serious offense of shoplifting. [DOC 48, p. 21].  As other circumstantial evidence, Plaintiff documented that her supervisor, Finance Director David Reid, "went to the point of ordering her to quit her Board appointed position on the Affordable Housing Advisory Committee after questioning her whether her appointment was only the result of actions taken by a black county commissioner"; that "all of [Plaintiff's] supervisors and trainers were white [and] ostracized her, failed to train her, hyper monitored her performance, [and] unfairly targeted her for discipline"; and that other black cashiers, Essie Young and Cheryl Willis, were similarly mistreated because of their race and/or for assisting Plaintiff.   [Id., pp. 20-21].

[26]     <u>Dzwonkowski v. Dzwonkowski</u>, 2008 WL 2163916, *13 (S.D.Ala. 2008)("Judge DuBose did not specifically determine that plaintiff failed to establish a *prima facie* case for his federal civil rights deprivation claims"); <u>see also</u> <u>Reid v. Simmons</u>, 181 F.3d 80 (table), 1999 WL 525926, *1 (1st Cir. 1999)("Consequently, a finding that Simmons disclosed the exculpatory reports... was not a necessary prerequisite to the judgment").

Further, in <u>Williams v. HMO of Florida</u>,[27] addressing a similar judgment on alternative bases, the Middle District of Florida held the plaintiff's "arguable" satisfaction of his *prima facie* case sufficient to preclude an award of attorney's fees.  The <u>Williams</u> court opined as follows:

> [W]hile plaintiff did not establish a prima facie case of failure to hire, plaintiff did establish a prima facie case of constructive discharge, and, <u>arguably, established a prima facie case of failure to train</u>.[28]

At bar, based on Plaintiff's <u>arguable</u> establishment of her *prima facie* case of race-based discrimination, this court should deem the first <u>Sullivan</u> Factor not satisfied, and therefore deny Defendant's Motion as it pertains to that claim.

Lastly, as to the second <u>Sullivan</u> Factor, "whether the defendant offered to settle," it appears that Defendant has attempted to subvert the statutory privilege devolving upon mediation communications under §44.405, Fla. Stats., by attaching neither affidavit nor other evidence in support of its characterization of mediation negotiations, averring that it "made a cost-of-defense settlement offer".  [DOC 70, p. 6].  In considered response, Plaintiff has moved to deem the statutory privilege waived, and in the event the Court were to agree that the privilege has been waived, Plaintiff would submit the affidavit of attorney Sassan Achtchi of the undersigned's firm, who attended the court-ordered mediation of this matter, in which Mr. Achtchi sets forth both detail and context of the parties' settlement positions at mediation, and other pertinent mediation communications.

---

[27]     689 F.Supp. 1082 (M.D.Fla. 1988).

[28]     <u>Id.</u>, 689 F.Supp. at 1091, emphasis added.

11

Further, the settlement offer made at mediation was made after the substantial completion of discovery. Plaintiff therefore submits that any settlement offer thus documented in excess of $5,000.00 would have been in excess of "a cost-of-defense settlement offer."

While Plaintiff has shown that two of the three Sullivan Factors militate against an award of fees on her Title VII claims--and that her arguable establishment of a *prima facie* case serves to legally preclude such an award–it bears discussion of when two or all three factors militate in favor of a fee application. Even in that circumstance, it would appear that under Christianburg, a district court still has the discretion to deny a fee application.[29] Such discretion has been recognized in at least four decisions within this Circuit, three of the Eleventh Circuit and one of this court.

First in Walker v. Nationsbank,[30] with the Sullivan Factors at one for plaintiff (the *prima facie* case), one for defendant (disposition before trial), and one neutral (nothing in the record on settlement), the Eleventh Circuit reversed an award of fees against the plaintiff as an abuse of discretion, opining as follows:

> We have held that a plaintiff's claim should not be considered groundless or without foundation for the purpose of awarding fees to a prevailing defendant when the claims are meritorious enough to receive careful attention and review.[31]

---

[29]     Christianburg, 434 U.S. at 421 ("a district court may in its discretion award attorneys fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith" [emphasis added]).

[30]     53 F.3d 1548 (11th Cir. 1995).

[31]     Id., 53 F.3d at 1559, relying on Busby v. City of Orlando, 931 F.2d 764 (11th Cir. 1991), which in turn relied on O'Neal v. Dekalb County, 850 F.2d 653 (11th Cir. 1988), emphasis added.

Second, in <u>Lawver v. Hillcrest Hospice</u>[32], an age and gender discrimination case in which a settlement offer was apparently made (amount unknown), the district court disregarded the plaintiff's affidavit as a sham and summary judgment was granted to defendant employer based on a failure to establish a *prima facie* case.  Notwithstanding, the Eleventh Circuit reversed an award of fees, opining as follows:

> These [<u>Sullivan</u>] factors, however, are only general guidelines, and frivolity determinations must be made on a case-by-case basis [citation omitted].
>
> ...Attorney's fees are inappropriate when the plaintiff's claims are <u>meritorious enough to receive careful attention and review</u> [citation omitted].  A plaintiff does not proceed frivolously when her case is based solely on speculation, <u>as long as the speculation is reasonable</u> [citation omitted].
>
> We agree with the magistrate and district court on the merits of Lawver's claims.  However, although Lawver's claims were weak, they were not "frivolous, unreasonable, or without foundation." Lawver <u>reasonably speculated</u> that she was terminated on the basis of her gender and age.
>
> Her male coworker was not terminated.  The Associate Medical Directors hired to cover her patients were younger than her.  Her witness' affidavit stated that Hillcrest was profitable during the relevant times, such that Hillcrest need not have reduced its workforce.  Two other Hillcrest employees stated that they observed gender discrimination at Hillcrest.  <u>Although this evidence was not all ultimately admissible and did not amount to a *prima facie* case,</u> Lawver's speculation that she was terminated on the basis of discrimination was reasonable.  "Because Lawver's claims, though weak, were not entirely 'without foundation,' this district court's award of fees and expenses constituted an abuse of discretion" [citation omitted].[33]

---

[32]     300 Fed.Appx. 769 (11th Cir. 2008).

[33]     <u>Id.</u>, 300 Fed.Appx. at 773-774, relying on <u>Quintana</u>, <u>Walker</u>, and <u>Cordoba v. Dillard's</u>, 419 F.3d 1169 (11th Cir. 2005), emphasis added.

Third, in <u>Alansari v. Tropic Star Seafood</u>,[34] this Court had previously granted summary judgment, determining the plaintiff's failures to establish *prima facie* cases of discrimination and retaliation,[35] and the defendant had earlier offered $2,500 in settlement.[36]  With all three <u>Sullivan</u> factors satisfied by Defendant, this court nonetheless exercised its discretion to deny fees:

> ..."Attorney's fees are inappropriate when the plaintiff's claims are <u>meritorious enough to receive careful attention and review</u>" [citation omitted].  <u>A speculative claim is not necessarily frivolous, "as long as the speculation is reasonable</u>" [citation omitted].
>
> In this case, although plaintiff's claims were weak, they were not "frivolous, unreasonable, or without foundation" [citation omitted]. Defendant's case did not meet the high standard necessary to find that it is entitled to an award of attorney's fees.  Plaintiff, though not successful in his claims, <u>reasonably speculated that he was harassed and ultimately terminated on the basis of his race and religion and in retaliation for his complaints</u>...  The court did give his claims careful attention.  Therefore, after applying the three factors listed in <u>Sullivan</u>, this court finds that defendant is not entitled to an award of attorney's fees for defending against plaintiff's federal claims.[37]

Finally, and most instructively, in its 2005 decision in <u>Cordoba</u>, recognizing that all three <u>Sullivan</u> Factors supported the employer's fee motion in an ADA case–summary judgment in advance of trial, plaintiff "had fallen far short of establishing a prima facie case," and a "nominal"

---

[34]     Case No. 4:07-cv-00438-SPM-WCS (N.D.Fla. June 8, 2009), Mickle, J., [DOC 167](unpublished), attached hereto as Exhibit B.

[35]     <u>Bender v. Tropic Star Seafood</u>, 2009 WL 903351, *9-10 (N.D.Fla. 2009), Mickle, J.

[36]     <u>Alansari</u>, *supra*, p. 1.

[37]     <u>Id.</u>, pp. 3-4, emphasis added.

14

settlement offer[38]--the Eleventh Circuit nonetheless reversed the district court's award of fees.  In

support thereof, the <u>Cordoba</u> court began with the following:

> ...The relevant question now, however, is whether the evidence was so obviously deficient that Cordoba and her counsel should be forced to pay Dillard's attorney's fees and expenses.
>
> Although Cordoba's case was exceedingly weak on this point it was not so weak as to make it frivolous for her to argue that Groo's knowledge of her disability presented a triable issue of fact.  As the Seventh Circuit explained in this context, "unsupported speculation does not meet a party's burden of producing some defense to a summary judgment motion.  Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment" [citation omitted]...[39]

Further, while holding that the trial court correctly ruled on summary judgment that an

employer's <u>actual rather than constructive knowledge</u> of an employee's disability is a necessary

element of a *prima facie* ADA case,[40] the <u>Cordoba</u> court acknowledged that the plaintiff's errant

legal theory derived from a reasonable reading of case law, making litigation thereof non-frivolous:

> In <u>Hilburn</u>[ v. Murata, 181 F.3d 1220 (11th Cir. 1999)], we affirmed the district court's decision granting summary judgment in favor of the defendant on the plaintiff's ADA discrimination-discharge claim because the plaintiff failed to establish that she was disabled within the meaning of the ADA [citation omitted].  At the outset of our analysis, in the context of discussing the elements of a prima facie case, we stated, "The plaintiff must establish that the defendant-employer had actual *or constructive knowledge* of the disability" [citation omitted].  Our opinion includes no further discussion of this aspect of the plaintiff's case.  We must concede, however, that this stray comment lends some support to Cordoba's constructive

---

[38]  <u>Cordoba</u>, 419 F.3d at 1177.

[39]  <u>Id.</u>, 419 F.3d at 1180-1181, italics in original.

[40]  <u>Id.</u>, 419 F.3d at 1184 ("the district court correctly concluded [that the plaintiff's constructive knowledge theory] 'evinces no fidelity to the simplest principles of logic and commonsense' [district court citation omitted]").

15

knowledge theory–a theory that otherwise, as the district court correctly concluded, "evinces no fidelity to the simplest principles of logic and commonsense" [citation omitted]...

In granting summary judgment in favor of Dillard's, the district court correctly disregarded these references to "constructive knowledge" as dicta. Once the issue is framed clearly, it is evident that an employee cannot be fired "because of" a disability unless the decisionmaker has *actual* knowledge of the disability. At this point, however, the issue is no longer whether Cordoba's constructive knowledge theory is legally viable (it is not); rather the issue is whether--in light of our opinions in [citations omitted]–it was frivolous and without any foundation at the summary-judgment stage of the case.

As to this question, we find it difficult to condemn Cordoba's theory as frivolous, built as it was from language in our own opinions...[41]

At bar, in support of her race discrimination claim, Plaintiff presented two reasonable positions. First, she submitted as comparators Serita Teal and Daphne Ramos. [DOC 48, pp. 21-22]. While they were ultimately determined not to be similarly situated [DOC 60, pp. 12-13], it appears that such determination required the Court's "careful attention" described in Walker, Lawver, and Alansari–certainly the consideration of Teal required such attention–as such making non-frivolous Plaintiff's identification of comparators.

Second, in support of her *prima facie* case with evidence other than comparator evidence, Plaintiff relied on five decisions controlling upon this Court[42] [DOC 48, pp. 19-20], and believes that all five of those decisions supported a less demanding analysis of "a convincing mosaic of

---

[41]    Id., 419 F.3d at 1184.

[42]    Smith v. Lockheed-Martin, 644 F.3d 1321 (11th Cir. 2011); Chapter 7 Trustee v. Gate Gourmet, 683 F.3d 1249 (11th Cir. 2012); Wilson v. B/E Aerospace, 376 F.3d 1079 (11th Cir. 2004); Rioux v. City of Atlanta, 520 F.3d 1269 (11th Cir. 2008); and Holland v. Gee, 677 F.3d 1047 (11th Cir. 2012).

circumstantial evidence"[43] than that required and argued by the Defendant and accepted by the Court.  Moreover, and analytically significant, while she believes the evidence in the record shows that Serita Teal was less harshly than Plaintiff, Plaintiff points out that in none of the five cases relied upon on this point did the Eleventh Circuit revisit a similarly situated analysis in connection with non-comparator evidence.  Therefore, based on <u>Cordoba</u>, this court should deem Plaintiff's litigation of this matter non-frivolous.

While the third <u>Sullivan</u> Factor (disposition without trial) supports Defendant's Motion on the Title VII claims (absent appellate reversal), the first <u>Sullivan</u> Factor (*prima facie* case) mitigates <u>against</u> an attorney fee award thereon, as does the second <u>Sullivan</u> Factor (settlement offer). Moreover, Plaintiff's comparator evidence at least appears to have merited this Court's careful attention, and her alternative non-comparator evidence reasonably appeared sufficient under five Eleventh Circuit decisions.  Therefore, in the sound exercise of the discretion devolving upon this Court, Defendant's Motion for fees on Plaintiff's Title VII claims should be denied.

**III.    This Court should deny Defendant's Motion for fees on the whistleblower claim**.

While the same requirement of frivolousness/frivolity applies to Defendant's fee Motion under the whistleblower statute–<u>plus</u> a finding of bad faith--Plaintiff recognizes that the analysis above of the first <u>Sullivan</u> Factor– *prima facie* case--may not pertain, because rather than presenting alternative grounds for summary judgment, this court concluded that "[w]ithout a [qualifying] whistleblower complaint, Plaintiff fails to meet the first prong for whistleblower retaliation." [DOC 60, p. 10].  That said, Plaintiff's position set forth above on the second <u>Sullivan</u> Factor–that

---

[43]      <u>Smith</u>, 644 F.3d at 1328.

Defendant both waived the mediation privilege and mischaracterized its settlement offer–applies equally here and militates in Plaintiff's favor.

Considering the bad faith requirement for an award of attorney's fees under Florida's public whistleblower statute,[44] first, Plaintiff points out that the requirement of bad faith for an award of attorney's fees against a complaining employee was added in a 1992 amendment,[45] and that prior thereto, subsection (9)(d) read, "Payment of reasonable costs, including attorney's fees to the prevailing party."  Thus, Defendant's citation of the 1990 decision of the Southern District in McGregor v. Board of County Commissioners[46] for the proposition that "case law supports an award of fees under the FPWA by virtue of the Defendant being a prevailing party" [id., p. 7] is inapposite, as such holding was superceded by statute twenty years ago.

Second, in addition to Defendant's failure to present authority for a bad faith standard under the statute, based on the research of Plaintiff's counsel, no court applying the statute has set forth such a standard.  The closest a court has come to doing so was the Eleventh Circuit in Anderson v. City of Crystal River,[47] affirming a denial of fees under the statute under circumstances in which the whistleblower claim before it was ultimately dismissed on summary judgment on limitations

---

[44]     §112.3187(9), Fla. Stats., entitled "Relief," contains the following paragraph (d):

(d) Payment of reasonable costs, including attorney's fees, to a substantially prevailing employee, or to the prevailing employer if the employee filed a frivolous action in bad faith.

[Emphasis added].

[45]     Laws, 1992, c. 92-316, s. 12.

[46]     130 F.R.D. 464 (S.D.Fla. 1990).

[47]     219 Fed.Appx. 901 (11th Cir. 2007).

grounds, it "would not have been barred by the statute of limitations had the settlement agreement

been rescinded."[48]  Thus, based on <u>Anderson</u>, a cognizable legal theory of liability is sufficient to

avoid a bad faith fee award against a complaining employee under the statute.[49]

_____

[48]        <u>Id.</u>, 219 Fed.Appx. at 903.

[49]        Of course, bad faith requirements for sanctions have been addressed by the
Eleventh Circuit in other contexts.  In the context of attorney fee awards against the federal
government under 28 U.S.C. 2412(b), in <u>Maritime Management v. U.S.</u>, 242 F.3d 1326, 1333 fn.
8 (11ᵗʰ Cir. 2001), the court endorsed the analysis of bad faith as a basis for fees set forth in <u>Barry</u>
<u>v. Bowden</u>, 825 F.2d 1324 (9ᵗʰ Cir. 1987), abrogated on other grounds, 884 F.2d 442 (9ᵗʰ Cir.
1989):

> "An award of attorney fees under the 'bad faith' exception '<u>is</u>
> <u>punitive</u>, and the penalty can be imposed "only in exceptional cases
> and <u>for dominating reasons of justice</u>"'" [citation omitted]...
>
> Not all cases in which the government lacks substantial
> justification... are defended in bad faith...  In [D.C. Circuit citation
> omitted], the court stated that the government's position lacked not
> only substantial justification but *all* justification, and that it was
> unsupported by legal authority.  <u>These conditions notwithstanding</u>,
> the court said there was no evidence of bad faith...

[Id., 825 F.2d at 1333-1334, italics in original, emphasis added].

  As an element of sanctions under Rule 11, in <u>Nesmith v. Marin Marietta Aerospace</u>, 833 F.2d
1489 (11ᵗʰ Cir. 1987), the court reversed the district court's determination thereof, holding bad
faith not demonstrated against a Title VII plaintiff in the absence of evidence of improper
purpose:

> The district court without discussion determined that Nesmith's
> suit was <u>brought for an improper purpose</u>.  <u>There is insufficient</u>
> <u>evidence to support this conclusion</u>.  The evidence Nesmith
> presented not only failed to indicate discriminatory treatment, but
> instead revealed that Nesmith received several salary increases and
> promotions during his tenure...  Under these circumstances, <u>it is</u>
> <u>apparent that Nesmith's claim may be characterized as without</u>
> <u>foundation, but there is no evidence that he was in bad faith in</u>
> <u>bringing the claim, or that it was brought for any purpose other</u>
> <u>than to receive what he thought he was entitled to under the law</u>.

[Id., 833 F.2d at 1491, emphasis added].

Finally, without repeating her entire opposition to summary judgment, Plaintiff maintains that she presented a cognizable legal theory of a qualifying whistleblower disclosure.  First, the email addressed by the Court in its Order [DOC 60, p. 10] qualified as "written" as required for a protected disclosure under §112.3187(7), Florida Statutes, and this Court did not hold otherwise.

More importantly, while the content of that email was deemed insufficient to "be considered a written complaint", Plaintiff believes that the law is opposite, and such belief is not held in bad faith.  Neither §112.3187(7) nor any other subsection in the statute sets forth a definition of the term "complaint," and nowhere is it stated that the same has to be confrontational, critical, blame assigning, remedy seeking, or anything whatsoever beyond a disclosure.  Second, in <u>Irven v. Dep't of Health and Rehabilitative Services</u>[50], the Florida Supreme Court made clear that the public

---

And in determining bad faith as additional support for fees under Title VII, in <u>El Shahawy v. Lee</u>, 1999 WL 33919538 (M.D.Fla. 1999), a decision relied on by Defendant [DOC 70, p. 7], the court reached that determination solely on the basis of evidence of the plaintiff's motivation separate and apart from the litigation, as follows:

> In addition to the above finding that defendants are entitled to a fee award pursuant to the <u>Sullivan</u> factors, the court also determines that defendants are entitled to a fee award based on plaintiff's bad faith motives in litigating this case.  As the court has otherwise stated and indicated, plaintiff's contract claim had an arguable foundation.  But the court is convinced that the remainder of plaintiff's claims were brought <u>solely to vex and oppress</u> the Board, especially the individual defendants.  It is clear to the court that plaintiff, referring to his own situation, spun out nearly every conceivable civil rights claim against the defendant Board members that could be concocted...  If plaintiff could have claimed
>
> any other protected status (e.g., age, gender, disability) he would undoubtedly have alleged discrimination on those grounds as well.

[Id., 1999 WL 22919538 at *11, parenthetical in original, emphasis added].

[50]      790 So.2d 402 (Fla. 2001).

20

whistleblower statute is a "remedial statute designed to encourage the elimination of public corruption by protecting public employees who 'blow the whistle.' As a remedial act, the statute should be construed liberally in favor of granting access to the remedy."[51]

Third, in a decision reversing summary judgment to an employer, Hutchinson v. Prudential,[52] Florida's Third District held quite broadly that a letter merely "setting forth the foregoing information"[53] qualified as a "complaint" under §112.3187(7), Florida Statutes:

> The trial court additionally decided that the plaintiff's cause of action is defeated because the information he transmitted went... in the form of a letter. The statute provides that it protects, among other things, "employees and persons who disclose information on their own initiative in a written and signed complaint." S. 112.3187(7), Fla.Stat. (1991). Prudential argues that the letter does not constitute a "written and signed complaint." In our view the purpose of requiring a signed writing is to document what the employee disclosed, and to whom the employee disclosed it, thus avoiding problems of proof... A signed letter is sufficient... We conclude that the letter qualifies as a protected communication under the Act.[54]

Fourth and finally, in a decision of Florida's Fourth District, Walker v. Department of Veterans' Affairs,[55] the court affirmed summary judgment on behalf of an employer based on repair invoices failing to qualify as protected disclosures under §112.3187(7). The court affirmed such failure as follows:

> The invoices do not qualify as a "written and signed complaint" within the meaning of section 112.3187(7). The invoices neither

---

[51]   Id., 790 So.2d at 405-406.

[52]   645 So.2d 1047 (Fla. 3rd DCA 1994).

[53]   Id., 645 So.2d at 1048.

[54]   Id., 645 So.2d at 1050, emphasis added.

[55]   925 So.2d 1149 (Fla. 4th DCA 2006).

document the nature of Walker's protected disclosure, <u>nor indicate the person to whom any disclosure was made</u>.[56]

The email at bar does both–"document[s] the nature of [Plaintiff's] protected disclosure, [and] indicate[s] the person to whom [the] disclosure was made."

Therefore, Plaintiff believed in good faith that Florida law supports the qualification of such email as a protected disclosure under the statute, and therefore that she had in fact presented a *prima facie* case in support of her claim under the public employee whistleblower statute.  Attorney's fees based on bad faith should be denied.

## CONCLUSION

Accordingly, based on the authorities set forth herein, Defendant's Motion for Attorney's Fees should in all respects be denied.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox; FBN 0739685
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel of record by CM/ECF this 15th day of November, 2012.

/s/ Marie A. Mattox
Marie A. Mattox

---

[56]     <u>Id.</u>, 925 So.2d at 1150, emphasis added.