**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**CYNTHIA TURNER,**

      **Plaintiff,**

v.                        **CASE NO. 4:11-cv-567-RS-WCS**

**BOB INZER, in his official capacity as
LEON COUNTY CLERK OF THE COURT,**

      **Defendant.**
_____/

## ORDER

Before me are Defendant's Renewed Motion for Attorneys' Fees (Doc. 111) and Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Attorneys' Fees (Doc. 116).

On September 26, 2012, I granted Defendant's Motion for Summary Judgment on Plaintiff's whistleblower retaliation and race discrimination claims under Florida's Public Whistleblower Act ("FPWA"), Title VII, and the Florida Civil Rights Act ("FCRA") (Doc. 60). Plaintiff filed its Notice on Appeal on October 23, 2012 (Doc. 67). Defendant filed its first Motion for Attorneys' Fees on October 26, 2012 (Doc. 70). On November 30, 2012, I granted Plaintiff's Motion to Stay pending the appeal with the Eleventh Circuit and directed Defendant to file a renewed motion for attorneys' fees within twenty days of the

Eleventh's Circuit mandate, if appropriate (Doc. 89). On July 5, 2013, the Eleventh Circuit issued a Mandate (Doc. 109) affirming my previous Order, and Defendant subsequently filed its Renewed Motion for Attorneys' Fees (Doc. 111) on July 15, 2013.

A district court may award attorneys' fees to the prevailing Title VII defendant when the "plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 421 (1978). The FPWA also allows the prevailing defendant to recover its fees if the "employee filed a frivolous action in bad faith." FLA. STAT. § 112.3187(9)(d). The Eleventh Circuit has provided three factors to determine the frivolity of a case: (1) whether the plaintiff established a *prima facie* case, (2) whether the defendant offered to settle, and (3) whether the trial court dismissed the case prior to trial. *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985). However, these factors are "general guidelines only, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." *Id.* Additionally, the Supreme Court has warned:

> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his actions must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

*Christianburg*, 434 U.S. at 421-22. "Attorney's fees are inappropriate when the plaintiff's claims are meritorious enough to receive careful attention and review." *Lawyer v. Hillcrest Hospice, Inc.,* 300 Fed. Appx. 769, 774 (11th Cir. 2008). Lastly, "[a] speculative claim is not necessarily frivolous, 'as long as the speculation is reasonable.' " *Alansari v. Tropic Star Seafood*, 2009 WL 1616496, at *1 (N.D. Fla. June 8, 2009)(citations omitted).

### *Sullivan* Factors

The first *Sullivan* factor that must be evaluated is whether Plaintiff established a *prima facie* case. As discussed in the Order granting Defendant's Motion for Summary Judgment (Doc. 60), Plaintiff did not.[1] In her response, Plaintiff argues that as to the race discrimination claim, because I offered alternative bases for granting summary judgment that "it is clear that this court's determination of Plaintiff's failure to present a *prima facie* case does not appear to have been a necessary element of its grant of summary judgment." (Doc. 116, p. 6-7). Although it may not have been necessary to determine that Plaintiff did not establish her *prima facie* case to grant summary judgment, it was sufficient. By providing an alternative bases, the Court was being thorough in its granting of the motion, not suggesting that one base for granting the motion was insufficient.

---

[1] For a thorough analysis as to why Plaintiff failed to establish a *prima facie* case, see the Order granting Defendant's Motion for Summary Judgment (Doc. 60).

Plaintiff also argues that her Title VII claim was not analyzed independently, and therefore, I did not find that she failed to satisfy the *prima facie* elements that claim. However, I very clearly found that Plaintiff did not make a statutorily protected expression to qualify as a complaint under the whistleblower statute, and stated, "Without a whistleblowing complaint, Plaintiff fails to meet the first prong for whistleblower retaliation." (Doc. 60, p. 10). Without a statutorily protected expression, Plaintiff cannot meet her burden of establishing a *prima facie* case for retaliation under Title VII. *Thomas v. Cooper Lighting, Inc.,* 506 F.3d 1361, 1363 (11th Cir. 2007).

Plaintiff also argues that the comparators she provided were "meritorious enough to receive careful attention and review" that attorneys' fees should not be granted for the race discrimination claim. Although I agree that I gave careful attention and review to Plaintiff's comparators, I disagree that they were meritorious enough to deserve it. As stated in the Order, one comparator worked in a separate office and was arrested and stole from his office—completely different that Plaintiff's fourteen suspensions-in-error resulting in termination. The other comparator "was not treated *more* favorably, but *less* favorably." (Doc. 60, p. 13). It is the Court's duty to evaluate all evidence, especially relating to elements that establish a *prima facie* case. That includes non-meritorious

allegations of similarly situated comparators. Therefore, the first *Sullivan* factor weighs in support of Defendant.

The third *Sullivan* factor, which I will address second because it goes hand-in-hand with the first factor, supports Defendant's motion for attorneys' fees because the case was dismissed prior to trial. *See Sullivan*, 773 F.2d at 1189 (noting that frivolity findings typically were sustained in cases decided on summary judgment due to a lack of evidence to support Plaintiff's claims); *see also Wigfall*, 2012 WL 3854551, at *5 ("If a court grants a motion for summary judgment in favor of defendant, the prevailing party defendant satisfies the third factor of Sullivan.).

The second *Sullivan* factor is whether the defendant offered to settle. "Offering to settle a case as part of court-ordered mediation does not weigh against an award of fees because the parties are expected to participate in the mediation in good faith." *Wigfall v. Saint Leo University, Inc.*, 2012 WL 3854551, at *4 (M.D. Fla. Sept. 5, 2012). "A non-nominal settlement offer strongly implies that Plaintiff had a legitimate, rather than frivolous, claim. Conversely, attorney's fees seem especially warranted if Plaintiff rejected a nominal settlement offer and instead continued to litigate frivolous claims." *Cordoba v. Dillard's, Inc.*, 2003 WL 21499011, at *5 (M.D. Fla. June 12, 2003), *rev'd on other grounds,* 419 F.3d 1169 (11th Cir. 2005). "Whether a settlement offer is deemed nominal or otherwise

depends on the relationship between three factors: (1) what the plaintiff demanded; (2) what the defendant offered as a settlement; and (3) what the defendant expected to save in legal expenses by settling rather than continuing to litigate." *Id.* at *6.

Defendant stated, "In a good faith effort to participate in the process and avoid further unnecessary litigation expenses defending Plaintiff's frivolous claims, Defendant made a cost-of-defense settlement offer." (Doc. 111, p. 6). However, none of the three factors above were addressed by either party. Therefore, I will consider this a neutral factor.

However, as stated above, although the *Sullivan* factors must be considered, frivolity is decided on a case-by-case basis. Plaintiff contends that because she believed she was a whistleblower and was retaliated against and was terminated for her race that her claims were not frivolous. If the standard was Plaintiff's subjective belief then no case would ever be frivolous. The Court must determine if those beliefs were reasonable or unreasonable given the evidence or lack thereof. Clearly in this case, there was no complaint or statutorily protected activity. Additionally, the comparators that Plaintiff presented were clearly not similarly situated given the Eleventh Circuit's standards. The record was simply devoid of any evidence to give merit or credence to Plaintiff's claims. Therefore, I find that Plaintiff's case was frivolous, and it is appropriate to award attorneys' fees to the prevailing Defendant.

## Bad Faith

For an award of attorneys' fees for Plaintiff's whistleblower retaliation claim under the FPWA, not only do the *Sullivan* factors need to be met, but there also needs to be a finding of bad faith. FLA. STAT. § 112.3187(9)(d). Defendant contends that Plaintiff's repeated amending of her complaint as to what her alleged whistleblower complaint was and who it was made to was "legal maneuvering and deception" and a "change-of-course tactic," which constituted bad faith. (Doc. 111, pp, 8, 11). I am hesitant to award attorneys' fees based on bad faith because of amended pleadings. "Under … federal law, an amended complaint supersedes the initial complaint and because the operative pleading in the case. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007). What is written in prior pleadings should not be used as a basis for a finding of bad faith.

Additionally, the Eleventh Circuit has found that a suit must be brought for an improper purpose to constitute bad faith. *Nesmith v. Martin Marietta Aerospace*, 833 F.3d 1489, 1491 (11th Cir. 1987). Although *Nesmith* addressed attorneys' fees under Rule 11 of the Federal Rules of Civil Procedure, Rule 11 also has a bad faith requirement. *See* Fed. R. Civ. P. 11. The Eleventh Circuit in *Nesmith* found:

> The district court without discussion determined that Nesmith's suit was brought for an improper purpose. There is insufficient evidence to support this conclusion. The evidence Nesmith presented not only failed to indicate discriminatory treatment, but instead revealed that

> Nesmith received several salary increases and promotions during his tenure. Nesmith made no showing that other similarly situated members of the unprotected class were treated preferentially nor did he present evidence of retaliation. Under these circumstances, it is apparent that Nesmith's claim may be characterized as without foundation, but there is no evidence that he was in bad faith in bringing the claim, or that it was brought for any purpose other than to receive what he thought he was entitled to under the law.

833 F.2d at 1491. This is similar to the case at bar. Although I found that Plaintiff's case was "frivolous, unreasonable, or without foundation" under the *Sullivan* factors, I cannot say that it was brought for an improper purpose. Therefore, there was no bad faith.

## Conclusion

Defendant's Renewed Motion for Attorneys' Fees (Doc. 111) is **GRANTED** as to Counts II (race discrimination) and III (retaliation), but **DENIED** as to Count I (whistleblower retaliation). The Parties shall comply with N.D. Fla. Loc. R. 54.1(E-F) for the determination of the amount of attorneys' fees.

**ORDERED** on August 29, 2013.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**