# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

CYNTHIA TURNER,

      Plaintiff,

vs.                        Case No. 4:11cv567-RS/CAS

BOB INZER, in his official capacity
as Leon County Clerk of Court,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      This case has been referred to the undersigned from United States District Judge Richard Smoak to determine the amount of reasonable attorneys' fees which should be granted to Defendant pursuant to FED. R. CIV. P. 72(a) and N.D. Fla. Loc. R. 72.3. Doc. 134.

**Procedural Status**

      Plaintiff brought both state and federal whistleblower retaliation claims under Florida's Whistleblower Act ("FWA") and Title VII. Summary judgment was granted in Defendant's favor because Plaintiff "fail[ed] to meet the first prong for whistleblower

retaliation." Doc. 60 at 10. Summary judgment was also granted in Defendant's favor on

the racial discrimination claim because Plaintiff did not make a *prima facie* case. *Id.* at

14. Plaintiff filed a notice of appeal, doc. 67, and the Eleventh Circuit Court of Appeals

affirmed the judgment per curiam on June 4, 2013. Docs. 108, 109. Costs were taxed

against Plaintiff in the amount of $4,068.60, doc. 115, and Defendant filed a renewed

motion for attorneys fees, doc. 111, and Plaintiff filed a memorandum in opposition, doc.

116.[1] Judge Smoak granted the motion in part as to Plaintiff's race discrimination and

retaliation claims, but denied the motion as to the whistleblower retaliation claim because

it was not brought for an improper purpose and, thus, was not bad faith. Doc. 123 at 8.

The parties were directed to comply with N.D. Fla. Loc. R. 54.1(E)-(F) to determine the fee

award. *Id.* at 8. Thus, pursuant to N.D. Fla. Loc. R. 54.1(D), the determination of attorneys'

fees is bifurcated and this report and recommendation is entered to determine the fee to

which Defendant is entitled as required by N.D. Fla. Loc. R. 54.1(F).

**Defendant's Support**, **doc. 124**

Defendant initially filed affidavits in support of an attorneys' fee award of

$85,416.50, pursuant to N.D. Fla. Loc. R. 54.1(E)(1). Doc. 124. The supporting affidavits

stated the fee request was for $85,416.50 is for "384.50 attorney hours at a rate of

$185/hour for associates and $200/hour for partners and 106 non-attorney hours at a rate

of $100/hour." Doc. 124-1 at 1 (Ex. A). Supporting the affidavit was Exhibit 1 which

reflects the compilation of time records, doc. 124-1 at 3-16, and to which Defendant

---

[1] Defendant originally filed a motion for attorney fees, doc. 70, in October 2012, but the motion was stayed pending the appeal and Defendant directed to re-file the motion within twenty days of the Eleventh Circuit's issuance of the mandate. Doc. 89.

limited the requested hours "to the periods for which Defendant submitted time records and exclude time spent solely in defense of Plaintiff's whistleblower claim." Doc. 124-1 at 2. A second affidavit advised that "[a] rate of $100/hour for non-attorneys, $185/hour for associate attorneys and $200/hour for partners is well in line with the prevailing market rate for the practice of employment law in the public sector for Northwest Florida." Doc. 124-2 at 1.

**Plaintiff's Opposition, doc. 133**

Plaintiff filed a declaration in opposition to Defendant's affidavit rejecting the amount claimed. Doc. 133. Plaintiff agreed that the hourly rates were reasonable, doc. 133-1 at 4, but that was the extent of any agreement. Pursuant to N.D. Fla. Loc. R. 54.1(E)(4), Plaintiff rejected Defendant's request for fees, asserting that Defendant was not entitled to any fees for work performed on appeal because the Eleventh Circuit did not award fees. *Id.* at 4-6. Plaintiff claimed the fee request should be reduced by $38,049 because this Court lacks jurisdiction to award appellate fees. *Id.* at 6, *see also* Ex. 1 (doc. 133-1 at 11-15). Plaintiff also argued that some of Defendant's time records reflected "excessive or redundant time entries" and suggested it should be reduced by $23,996.50. *Id.* at 6-7, 10. Although Plaintiff acknowledged that Defendant's affidavit expressed that the time records excluded time spent solely in defense of the whistleblower claim, Plaintiff said that "[s]ince the race claims merge with the whistleblower claims, one must assume the hours are mixed." *Id.* at 8. Plaintiff argued that under Fox v. Vice, 131 S.Ct. 2205 (2011), all hours should be treated as non-compensable because the hours are mixed and, thus, Defendant was "not entitled to any fees at all." *Id.* at 8-9.

**Defendant's Reply, doc. 138**

Pursuant to the Court's authority under N.D. Fla. Loc. R. 54.1(F), Defendant was required to submit a reply to Plaintiff's rejection, doc. 138. Defendant rejected "Plaintiff's unreasonable position" of a "counteroffer for zero dollars" and asserted that those portions of Mr. Johnson's declaration which offered "legal argument under the guise of an expert opinion" should be stricken. Doc. 138 at 2. Defendant claimed that Mr. Johnson's declaration "must be limited to his expert opinion regarding the reasonableness of the fees based on his personal experience and knowledge as an attorney." *Id.* at 4.

**Initial Reductions**

Based upon those filings by the parties, an Order was entered on December 13, 2013, concerning two arguments that could be addressed, appellate fees and redundant or excessive fees. Doc. 139.

a. **Appellate Fees**

In Common Cause/Georgia v. Billups, 554 F.3d 1340, 1356 (11th Cir. 2009), the Eleventh Circuit reiterated that "[t]he district court lacked authority to award attorney's fees and costs for work performed before this Court." *Id.* The Court pointed to 11th Cir. R. 39-2 which requires the filing of a request for an award of attorney's fees in the Court of Appeals, not the district court. The Court cited to the earlier decision in Mills by Mills v. Freeman, 118 F.3d 727, 734 (11th Cir. 1997) (per curiam) (superseded by Rule on other grounds as stated in Gray ex. rel. Alexander v. Bostic, 613 F.3d 1035, 1043-44 (11th Cir.

2010), which pointed to a long line of cases[2] which established that the court of appeals

has the "discretion to award attorney's fees and costs for the work expended before it."

*See* also <u>In re Consolidated Non-Filing Ins. Fee Litigation</u>, Case Nos. 2:96-md-1130-MEF,

2:94-cv-699-MEF, 2:97-cv-832-MEF, 2012 WL 1366733, at *3 (M.D. Ala. Apr. 19, 2012).

Thus, because Defendant did not request an award of attorney's fees in the appellate

court, this Court does not have the authority to award appellate fees.  Pursuant to 11th Cir.

R. 39-2(e), such an award would only be permissible if this case had been reversed on

appeal and remanded to this Court for trial or further proceedings and "a party who may be

eligible for attorney's fees on appeal after prevailing on the merits upon remand may, in

lieu of filing an application for attorney's fees in this court, request attorney's fees for the

appeal in a timely application filed with the district court."

Because Plaintiff's notice of appeal, doc. 67, was filed on October 23, 2012, time

submissions between that date and the date of the mandate, doc. 109, on July 5, 2013,

have been reviewed.  *See* doc. 124, Ex. 1.  Upon review, a total of $39,590.50 should be

deducted as that reported time was spent on the appeal.[3]  Thus, it was concluded that from

---

[2]  The court cited to <u>Davis v. Roadway Express, Inc.</u>, 590 F.2d 140, 143 (5th Cir. 1979) (this court has the discretion to award costs and fees for appellate work), aff'd on other grounds, 621 F.2d 775 (1980); <u>Universal Amusement Co. v. Vance</u>, 587 F.2d 159, 172-73 (5th Cir. 1978) (same), aff'd, 100 S.Ct. 1156 (1980); <u>Panior v. Iberville Parish Sch. Bd.</u>, 543 F.2d 1117, 1120 (5th Cir. 1976) (same), and <u>Davidson v. City of Avon Park</u>, 848 F.2d 172, 173 (11th Cir. 1988) (holding that a district court is "not authorized, by local rule or otherwise, to control the filing time or assessment of attorney's fees for services rendered on appeal.").

[3] This calculation excludes the following items from Defendant's Ex. 1, doc. 124-1 at 9-15.  Item numbers: 205-208, 213, 222-24, 237, 241, 265-381, 383-387, 389-395, 397, and 399.  Plaintiff had calculated the amount of appellate fees to be deducted at $38,049.00.  Doc. 133-1 at 6, ¶18.  The Court will use its own calculation of $39,590.50.

the original amount requested of $85,416.50, doc. 124, the fee award should be reduced

to $45,826.00.  *See* doc. 139.

**b.    Redundant, excessive or duplicative fees**

Review also indicated that Defendant included a minor amount of excessive fees

because some tasks should not have taken as long as was reported.  Doc. 133-1 at 6-8.

Most of the time claimed was reasonable, but there were three examples of excessive

time spent reviewing several short court orders.  A September 12, 2012, Order is two

sentences spanning three lines.  Doc. 55.  It should not have taken DHS .30 time for review

when RWE was able to review the order in .10 time.  *See* doc. 124-1 at 5.  Thus, the

reported hours for DHS should be reduced to equal .10, a reduction of $40.00.  Similarly,

the November 14, 2012, Order granting a motion for extension of time is two sentences

spanning four lines.  Doc. 75.  It should not have taken DHS .30 time for review and it

should also be reduced to .10, another reduction of $40.00.  *See* doc. 124-1 at 10.  In

addition, the November 30, 2012, Order granting Plaintiff's motion to stay was two

sentences barely spanning five lines.  Doc. 89.  It should not have taken DHS .20 time for

review and it should be reduced to .10, a reduction of $20.00.  *See* doc. 124-1 at 11.

Thus, the Order concluded that Defendant's requested fees should be reduced by another

$100.00 as excessive.  Doc. 139.  That reduced the attorney fee request to $45,726.00.[4]

---

[4] Defendant calculated the amount to be $45,957.00.  Doc. 142-1 at 27; doc. 142 at
3, n.1.  Part of that difference ($131.00) that the following items were not excluded by
Defendant although excluded by the Court:  Item numbers: 213, 386, and 397.  *See* doc.
142-1 at 22-27.  It is unknown why there is still $100.00 difference in calculations.

**Supplemental Documentation**

After reaching those two conclusions, the Order explained that Defendant had been granted fees as to the race discrimination and retaliation claims, but denied fees as to the whistleblower retaliation claim. Doc. 139 at 10. "There is an obvious overlap in defending against the state law whistleblower retaliation claim and the Title VII retaliation claim." *Id.* Defendant's submissions in support of the fee award were deficient under Fox v. Vice, 131 S.Ct. 2205 (2011), because counsel is not entitled to an award of fees for that overlap, and it could not be determined what amount of counsel's time was compensable. *Id.* Defendant was required to demonstrate on or before January 6, 2014, the time periods that "would not have been incurred 'but for' work performed solely on compensable claims." *Id.*

Defendant timely responded to that Order, doc. 139, acknowledging that the standards articulated in Fox "limits the recovery of attorneys' fees solely to that which would not have been incurred but for Plaintiff's frivolous claims (i.e. Plaintiff's title VII claims)." Doc. 142 at 2. Defendant reduced the original fee request of $85,416.50, *see* doc. 124 and doc. 142-1 at 15 (Exhibit B), to a "total attorneys' fee award of $27,788.50, . . . plus the additional time spent preparing this response." *Id.* at 6. The supporting affidavit explained that the new request is based upon counsel's "good faith estimation as to the amount of time we spent performing tasks in defense of the Title VII claims that **would not have been performed** had the lawsuit remained just a whistleblower case." Doc. 142, Ex. A at

¶6 (doc. 142-1 at 3).[5]  Thereafter, Defendant filed a supplement seeking an additional

$5,333.00, in fees for time spent litigating the fee award.  Doc. 145; *see* Ex. I.  Doc. 145-1.

The attached exhibit is Defendant's time records for December 2013.

On January 24, 2014, Plaintiff filed two responses in opposition to Defendant's

revised fee request.  Doc. 147, 148.  It is unclear why two responses were filed, both of

which contain identical exhibits.  The second response, doc. 148, is deemed to be an

amended response.  Only that response will be considered as the initial response, doc.

147, has been replaced by the second response, doc. 148.

Plaintiff argues that Defendant did not provide sufficient detailed information to

support the fee request, did not comply with Fox v. Vice, improperly seeks reimbursement

for documents never filed, and again presents redundant requests.  Doc. 148 at 2.  Plaintiff

again requests that Defendant receive no fee award.  *Id.*

**Reduced Fee Request**

Defendant has provided Exhibit F which shows time devoted solely to defense of

the Title VII claims.  Doc. 142 at 4, doc. 142-1 at 45-46.  The amount of time submitted as

entirely compensable is $8,090.00.  *Id.* at 46.  Plaintiff argues that the exhibit contains

"vague entries" with "generic narratives" that do not demonstrate the "but for" work

---

[5] The Order entered directing Defendant to file supplemental documentation
explained the reductions already calculated which reduced the attorney fee request to
$45,726.00.  *See* doc. 139.  In response, Defendant provided Exhibit D to show entries
that should be excluded in their entirety under Fox, doc. 142-1 at 28-32.  That reduced the
fee by another $12,729.00, *Id.* at 32, totaling $32,997.00, under the Court's prior
calculations, assuming the starting point was the original $85,416.50 request.  Based on
Defendant's revised request for attorneys' fees of $27,788.50, there is a difference of
$5,208.50.  That amount is disregarded and Defendant's revised request is the starting
point for the recommendation made herein.

standard under <u>Fox</u>. *Id.* at 2-4. Plaintiff, however, selectively points to items from Exhibit F

contending they are vague. For example, Plaintiff points to item 7, "Review deposition of

Lindsay Simpson" as vague, but does not argue that item 8, "Review deposition of John

Stott" is vague. While Defendant could have provided greater explanation, Plaintiff's

argument did not assist the Court by clearly pointing out why it was not compensable time.

Thus, the Court has spent time reviewing the pleadings to confirm what was correctly

asserted by Defendant, that Exhibit F lists "time related to" Plaintiff's race discrimination

claim. Review of document 47[6] reveals that Lindsay Simpson was relevant to the case on

the race discrimination claim. Doc. 47 at 21-23. Thus, that time is relevant to the "me-too"

and comparator evidence for the racial discrimination claim. It is compensable. To the

degree Plaintiff argues there are wasteful and duplicative entries, that argument is

rejected. Furthermore, that Defendant's work included preparing a motion in limine that

did not have to be filed does not mean that Defendant should not be compensated for its

time. The motion in limine did not need to be filed because Plaintiff's claims lacked merit,

but they necessitated work and trial preparation. Trial was set for October 22, 2012, *see*

doc. 30, less than a month after Defendant's motion for summary judgment was granted on

September 26, 2012, doc. 60. The amount claimed in Exhibit F appears reasonable, is

relevant to the discrimination claim, and should be granted.

As to the award sought for hours which were mixed, Defendant seeks a total of

$13,091.50, as presented in Exhibit G. Doc. 142-1 at 47-50. Finally, Defendants seeks

---

[6] Document 47 is Plaintiff's Statement of Disputed Material Facts in Opposition to Summary judgment."

$6,607.00, in fees as compensable time spent litigating the fee award, Exhibit H.  Doc.

142-1 at 51-52.  Plaintiff objects that Defendant has presented "voodoo calculations

based on recollections and approximations."  Doc. 148 at 5.  Further, Plaintiff contends

that Plaintiff should not be taxed costs incurred unnecessarily because Defendant did not

comply with the <u>Fox</u> standard in the first request.  *Id.* at 6.  Each of these will be discussed

below.

    **a.    Mixed Hours**

    Federal law, 42 U.S.C. § 1988 in particular, authorizes a prevailing defendant in

certain civil rights cases to receive an award of reasonable attorney's fees if the plaintiff's

suit is frivolous.  In <u>Fox v. Vice</u>, 131 S.Ct. at 2211, the Supreme Court established the

proper standard for awarding fees in a case where the plaintiff asserted both frivolous and

non-frivolous claims.[7]  In resolving "a Circuit split about whether and to what extent a court

may award fees" in a case with both frivolous and non-frivolous claims, the Court held "that

a court may grant reasonable fees to the defendant in this circumstance, but only for costs

that the defendant would not have incurred but for the frivolous claims."  *Id.* at 2211-12.

---

    [7] Defendant Vice requested "an award of attorney's fees under § 1988, arguing that Fox's federal claims were 'baseless and without merit.'"  131 S.Ct. at 2211.  In support of the "fee request, Vice submitted attorney billing records estimating the time spent on the whole suit, without differentiating between the federal and state-law claims."  *Id.* at 2212. The district court granted the motion for fees without requiring "Vice to separate out the work his attorneys had done on the two sets of claims."  *Id.*  The court did not believe "segregation" was necessary "because the 'various claims arose out of the same transaction and were so interrelated that their prosecution or defense entailed proof or denial of essentially the same facts.'"  *Id.*  Thus, the district court did not "reduce the fee award to reflect the surviving state-law claims."  *Id.*  A divided Fifth Circuit Court of Appeals affirmed.  *Id.*, *citing* 594 F.3d 423 (5th Cir. 2010).

Building on the foundation of <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412,

98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (holding that § 1983 authorizes a fee award to

prevailing defendants), the Court explained that when a plaintiff brings allegations against

a defendant that are "frivolous, unreasonable, or without foundation," courts may shift to

plaintiff "the reasonable costs that those claims imposed on his adversary." <u>Fox</u>, 131

S.Ct. at 2214, *citing* <u>Christiansburg</u>, 434 U.S. at 420–421, 98 S.Ct. 694. That principle is

true even "when the plaintiff's suit also includes non-frivolous claims" although the

"defendant, of course, is not entitled to any fees arising from these non-frivolous charges."

131 S.Ct. at 2214.

Writing for a unanimous Court, Justice Kagan noted that litigation is often "complex,

involving multiple claims for relief that implicate a mix of legal theories and have different

merits." 131 S.Ct. at 2213.

> Some claims succeed; others fail. Some charges are frivolous; others (even if not
> ultimately successful) have a reasonable basis. In short, litigation is messy, and
> courts must deal with this untidiness in awarding fees.

*Id.* at 2213-14. "The question then becomes one of allocation: In a lawsuit involving a mix

of frivolous and non-frivolous claims, what work may the defendant receive fees for?" *Id.* at

2214. The Court answered by requiring a "but-for test" to determine fees under § 1988;

thus, a defendant may "receive only the portion of his fees that he would not have paid but

for the frivolous claim." *Id.* at 2215. Noting that "the relevant purpose of § 1988 is to

relieve defendants of the burdens associated with fending off frivolous litigation," the Court

clarified that a where a "defendant would have incurred those fees anyway, to defend

against non-frivolous claims, then a court has no basis for transferring the expense to the

plaintiff." *Id.* "[T]he dispositive question is not whether attorney costs at all relate to a non-frivolous claim, but whether the costs would have been incurred in the absence of the frivolous allegation." *Id.* at 2216. An award of attorney fees must still operate within the basic "American Rule" that each party must generally bear his or her own litigation expenses. *Id.* at 2215. Anything more permissive would allow a defendant to enjoy a windfall simply because he was lucky enough to defended a lawsuit which included a frivolous claim. *Id.*

To comply with this test, a fee applicant must "submit appropriate documentation to meet 'the burden of establishing entitlement to an award.'" *Id.* at 2216, *citing* Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "But trial courts need not, and indeed should not, become green-eyeshade accountants." *Id.* at 2216. "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.* The "determination of fees 'should not result in a second major litigation,'" Hensley, 461 U.S. at 437, *quoted in* Fox, 131 S.Ct. at 2216, as appears to be happening in this case.

Here, Defendant was granted fees "as to Counts II (race discrimination) and III (retaliation), but [denied] as to Count I (whistleblower retaliation)." Doc. 123 at 8. There is overlap in defending against the state law whistleblower retaliation claim and the Title VII retaliation claim. Defendant has now submitted Exhibit G in which Defendant seeks $13,091.50 in fees for "mixed hour entries." Doc. 142-1 at 47-50. These entries have been revised from the initial fee request to reflect "the amount of time that [counsel] would not have spent by for Plaintiff's frivolous Title VII claims." Doc. 142 at 5. "Defendant

reduced $25,192.00 in mixed hour fees (148.20 hours) to $13,091.50 (76.70 hours)." *Id.*

The <u>Fox</u> opinion does not preclude estimations in calculating and allocating an attorney's

time. *Id.* at 2216. Here, Defendant's revised request appears reasonable and should be

granted.

### b. Additional Compensable Time

As noted by Defendant, civil rights litigants may recover reasonable attorney's fees,

including time spent litigating the fee award. Doc. 142 at 6, *citing* <u>Thompson v. Pharmacy</u>

<u>Corp. of America, Inc.</u>, 334 F.3d 1242, 1245 (11th Cir. 2003). While that is true,

protracted litigation over fees is not productive, should not be necessary, and may be

accordingly reduced. *See* <u>Thompson</u>, 334 F.3d at 1245 (noting that lawyers "should not

be compensated for turning the litigation about attorneys' fees into a 'second major

litigation.'); <u>Arlozynski v. ARS Nat. Servs., Inc.</u>, No. 8:11cv196, 2012 WL 2793019, at *1

(M.D. Fla. July 9, 2012).

Defendant submitted Exhibit H to show compensable time spent litigating the fee

award. Doc. 142-1 at 51-52. The time calculations begin on September 4, 2013, and

proceed through November 22, 2013. *Id.* The amount of $6,607.00 appears reasonable

and should be granted.

Defendant advises in the supplement that Defendant desires fees which have not

yet been calculated because "time records for December and January" are not due to be

filed yet. Doc. 142 at 6, n.4. Defendant states that those fees will be submitted pursuant to

the Court's deadlines. *Id.* Defendant also seeks attorneys' fees for "the additional time spent preparing this response." Doc. 142 at 6.

On January 15, 2014, attorney time records were filed. Docs. 143-144. Defendant has supplemented the fee request to include those time records. Doc. 145. Defendant seeks an additional $5,333.00 to time litigating the fee award. *Id.* at 1.

Defendant's supplemental records have been reviewed and some of the time requested should not be compensated. Time spent preparing the revised fee award and supplemental documentation should not be awarded. That time was made necessary because Defendant's initial documentation and request was insufficient. Failing to properly prepare the first request should not be rewarded by granting a fee made larger by the failure. The compensable time period should proceed only through December 6, 2013, the date on which Defendant filed the reply to Plaintiff's opposition. Doc. 138. Time beyond that filing should not be compensable as the first request should have been sufficient. Accordingly, time reported in the January 15, 2014, filing of attorney records should include lines 5-1 and 16-21, but exclude lines 15, 22-40.[8] The amount of compensable time from that reporting period is $2,146.00.

**Conclusion**

Defendant should be awarded an attorney fee in the amount of $29,934.50. That amount includes entirely compensable time of $8,090.00, fees for mixed hours of

---

[8] Emails concerning "waiver of hearing deadline" appear unreasonable in light of the November 15, 2013, Order, advising that "no hearing is scheduled." Doc. 137.

$13,091.50, time spent litigating the fee award in the amount of $6,607.00 as reported in

Exhibit H, and an additional amount of $2,146.00, from Exhibit I, doc. 145.

**Recommendation**

It is respectfully **RECOMMENDED** that Plaintiff be directed to pay Defendant

$29,934.50 in attorney's fees and judgment entered accordingly.

**IN CHAMBERS** at Tallahassee, Florida, on January 27, 2014.


S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**